GEORGIA,
Chatham Co.
AUG. 1810.

State
vs.
Patterson.

*Minutes of Superior Court, letter G. p. 361.*

*Chambers, August 13, 1810.*

The STATE *vs.* ALEXANDER PATTERSON.

#### HABEAS CORPUS.

*Charlton,* Judge.

THE prisoner shipped himself as an articled seaman, on board the brig *John,* captain *John Davidson,* on the 4th June, 1810, for the term of one year. On the 30th of July last, *John Pooler,* Esq. a justice of the peace, by his warrant, directed the jailer to detain, and safely keep, in the common prison of this county, the prisoner and two other seamen, " until they are legally demanded by captain *John Davidson,* they having *deserted* from the said brig *John.*" Mr. *Cuyler,* his counsel, moved for his discharge upon two grounds.

1. Because the commitment is variant from the act of congress, as it does not state, that it appeared, " by due proof, that the prisoner had signed a contract within the intent and meaning of the act, and that the voyage agreed for is not finished, altered, or the contract otherwise dissolved ;" and,

2. Because the vessel has proceeded to sea.

1. The proof, upon which the justice founded his commitment, has not been exhibited ; but if the motion of the prisoners' counsel, have turned exclusively upon this point, I should have required the production of the captain's affidavit, or other proof submitted to the magistrate, to ascertain whether the requisites of the act had been complied with. I cannot travel out of the commitment, and the *ex parte* depositions taken before the justice, and if it appeared, from those depositions, that proof had not been exhibited as is detailed in the act of congress, and which is designated in this ground of the counsel's motion, I should consider myself bound to discharge

GEORGIA,
Chatham Co.
Aug. 1810.

State
vs.
Patterson.

the prisoner.   The second ground being, however, sufficient, I shall waive a further consideration of this.

2. The act of congress authorizes a commitment " to the house of correction, or common jail of the city, town, or place, there to remain until the said ship or vessel shall be ready to proceed on her voyage, or until the master shall require his discharge."   Laws of U. S., vol. 1, p. 42.   The act of congress, as was observed by Mr. *Cuyler*, could not contemplate perpetual imprisonment, which, however, would be the effect, if the discretionary power delegated to the master, was not defined and explained by the *intention* of the act, and its preceding expressions.   He contended, (and to this I assent,) that the act had sufficiently and explicitly declared, that the seamen should remain in confinement, " until the ship was ready to proceed on her voyage ;"  and that, consequently, the discretion given to the master, in requiring his discharge, must be exercised *previous* to that time, to the *sailing* of the vessel.   *Ut res magis valeat quam pereat.*   I sanction this construction, for otherwise, one part of the statute would be in direct hostility with the other.   This is a case *prima impressionis ;*  but I think there can be no doubt, that, upon this ground, the prisoner is entitled to his discharge.

*Prisoner discharged.*

*Cuyler*, for the prisoner.